Filing # 120706872 E-Filed 02/02/2021 08:40:52 PM

**IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY,
FLORIDA**

**SYLVIA BREWER,**

  **Plaintiff,**

**v.**

**WAL-MART STORES, INC.,**

  **Defendant.**

_____/

**CASE NO.:
FLA BAR NO. 0739685**

## COMPLAINT

  Plaintiff, SYLVIA BREWER, by her counsel, hereby sues Defendant, WAL-MART

STORES, INC., and alleges:

### NATURE OF THE ACTION

  1.  This is an action brought under 42 U.S.C. §2000e et seq., as well as Chapter 760,

Florida Statutes, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§

621 *et seq.*

  2.  This is an action involving claims which are, individually, in excess of Thirty

Thousand Dollars ($30,000.00), exclusive of costs and interest.

### PARTIES

  3.  At all times pertinent hereto, Plaintiff, SYLVIA BREWER., has been a resident of

the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her gender (female), her race (black), her age (over 40) and because she voiced opposition

to unlawful employment practices and was retaliated against thereafter.

1

4.      At all times pertinent hereto, Defendant, WAL-MART STORES, INC., has been organized and existing under the laws of the State of Florida, or has operated thereunder. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations. This action is timely brought thereafter. Plaintiff also filed an administrative charge of discrimination with the EEOC.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff was employed as the Regional Human Resource Director for Defendant, specifically over Region 3, which included substantial portions of Florida, Georgia and Alabama.

7.      During the course of BREWER's employment, despite her stellar and loyal work performance, she was subjected to race discrimination, age discrimination, gender discrimination, and retaliation by, among others, Heather Haberer, who is BREWER's supervisor.

8.      The discrimination included, but was not limited to, differences in treatment between BREWER and others similarly situated, based both on comparators and on a convincing mosaic of evidence. Plaintiff was, by example only, held to different standards of performance, was set up for failure through the application of standards over which Plaintiff had little or no control, and was falsely accused of lacking the skills and abilities to perform her job.

9.      On or about January 10, 2020, Plaintiff was told that, effective January 31, 2020,

2

she would be terminated.

10.     Defendant offered no alternative position. Plaintiff was harassed, subjected to a

hostile work environment and fired at least in part because of her race, her age, her gender, and

at least in part because she opposed unlawful employment practices. Plaintiff seeks all relief by

law.

11.     Plaintiff has retained the undersigned to represent her interests in this cause and is

obligated to pay a fee for these services.   Defendant should be made to pay said fee under the

laws referenced above.

**COUNT I**
**GENDER DISCRIMINATION**

12.     Paragraphs 1-11 are realleged and incorporated herein by reference.

13.     This is an action against Defendant for discrimination based upon gender brought

under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

14.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in

that Plaintiff was treated differently than similarly situated male employees of Defendant and has

been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

15.     Defendant is liable for the differential treatment and hostility towards Plaintiff

because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and

adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff

as more fully set forth above because it allowed the differential treatment and participated in

same.   Defendant's known allowance and ratification of these actions and inactions actions

3

created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

16.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

17.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.   The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

18.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

19.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have occurred in the past, are permanent and continuing.

## COUNT II
## RACE DISCRIMINATION

20.     Paragraphs 1-11 are realleged and incorporated herein by reference.

21.     This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq., 42 U.S.C. §1981, and Chapter 760, Florida Statutes.

22.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated non-black employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's

4

race.

23.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.   Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

24.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

25.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.   The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

26.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq., 42 U.S.C. §1981, and Chapter 760, Florida Statutes.

27.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have

occurred in the past, are permanent and continuing.

## COUNT III
## AGE DISCRIMINATION

28.    Paragraphs 1-11 are realleged and incorporated herein by reference.

29.    This is an action against Defendant for discrimination based upon age

discrimination brought under Chapter 760, Florida Statutes, and the Age Discrimination in

Employment Act.

30.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in

that Plaintiff was treated differently than similarly situated employees of Defendant who are

younger than Plaintiff and has been subject to hostility and poor treatment on the basis, at least in

part, of Plaintiff's age.

31.    Defendant is liable for the differential treatment and hostility towards Plaintiff

because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and

adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff

as more fully set forth above because it allowed the differential treatment and participated in

same.   Defendant's known allowance and ratification of these actions and inactions actions

created, perpetuated and facilitated an abusive and offensive work environment within the

meaning of the statutes referenced above.

32.    In essence, the actions of agents of Defendant, which were each condoned and

ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

33.    The discrimination complained of herein affected a term, condition, or privilege

6

of Plaintiff's continued employment with Defendant.   The events set forth herein lead, at least in

part, to Plaintiff's termination on contrived allegations.

34.     Defendant's conduct and omissions constitutes intentional discrimination and

unlawful employment practices based upon age.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff

has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along

with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have

occurred in the past, are permanent and continuing.

<u>**COUNT IV**</u>
**RETALIATION**

36.     Paragraphs 1-11 are hereby realleged and reincorporated as if set forth in full

herein.

37.     Defendant is an employer as that term is used under the applicable statutes

referenced above.

38.     The foregoing allegations establish a cause of action for unlawful retaliation after

Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C §

2000e et seq., and Chapter 760, Florida Statutes, as well as under the ADEA.

39.     The foregoing unlawful actions by Defendant were purposeful.

40.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's

employment with Defendant and was the victim of retaliation thereafter, as related in part above.

41.     Plaintiff is a member of a protected class because Plaintiff reported unlawful

employment practices and was the victim of retaliation thereafter.   There is thus a causal

7

connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

42.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.   These damages are continuing and are permanent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      grant such other further relief as being just and proper under the circumstances;

(g)     reinstate Plaintiff to the same or a substantially similar position, and restore all her lost benefits, including credit for time worked and all lost retirement benefits, as well as other equitable relief intended to make Plaintiff whole.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 2nd day of February, 2021.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF